UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ISONG RICHARD AKPAN**                                                                                    **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 1:08CV-P18-M**

**OFFICER SCOTT WADE** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, some claims will be dismissed while others proceed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 against Simpson County Police Officers Scott Wade, Monta Cherry, and Michael Cornwell; Unknown Simpson County Jail Personnel; and Simpson County. He sues Defendants Wade, Cherry, Cornwell, and Unknown Jail Personnel in their individual and official capacities. As relief, he seeks monetary and punitive damages.

Plaintiff reports that on February 6, 2007, without probable cause, Officer Wade "pulled over a parked vehicle," in which Plaintiff was a passenger. Officer Wade "snatched open the door" and demanded Plaintiff step out. When Plaintiff refused, Officers Wade, Cherry, and Cornwell "tazered me and snatched me out of the vehicle and place me under arrest." The officers then "searched the vehicle and 'found' a substance thought to be cocaine." Thereafter, reports Plaintiff, he was taken to Simpson County Jail. He alleges excessive force, assault and battery, false arrest, false imprisonment, and conspiracy to engage in the foregoing actions.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __,127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.    All claims against Simpson County and the official-capacity claims against all other Defendants**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants Wade, Cherry, Cornwell, and Unknown Jail Personnel are, therefore, actually against Simpson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

  In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's plaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which

the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Simpson County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, the official-capacity claims against Defendants Wade, Cherry, Cornwell, and the Unknown Jail Personnel and all claims against Simpson County will be dismissed.

**B.**     **Individual-capacity claims**

    **1.** **Unknown Simpson County Jail Personnel**

In order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must

allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994).

Other than listing the Unknown Simpson County Jail Personnel as a defendant, Plaintiff fails to mention them elsewhere in the complaint. Because Plaintiff fails to set forth any specific facts with respect to the Unknown Jail Defendants, the complaint must be dismissed against them.

**2. Officers Wade, Cherry, and Cornwell**

Upon consideration, the Court will allow the Fourth Amendment claims, conspiracy claims, and the state-law claims to proceed against Officers Wade, Cherry, and Cornwell in their individual capacities. In permitting these claims to proceed, the Court passes no judgment on the merit and ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Simpson County Attorney
4414.005