UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ISONG RICHARD AKPAN**                                        **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 1:08CV-P18-M**

**OFFICER SCOTT WADE** *et al.*                                **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's third motion for appointment of counsel (DN 41).[1] Defendants filed a response (DN 42), to which Plaintiff replied (DN 45). This matter is ripe for consideration.

The Court denied Plaintiff's first two motions finding no exceptional circumstances warranting appointment, as the complexity of the issues in this case did not necessitate the appointment of counsel and because Plaintiff was articulate in filings before the Court and able to represent himself sufficiently (DNs 8 & 21). In his third motion for counsel, Plaintiff advises that he has tried to retain counsel but has not been successful due to his indigency; that he has only a GED and no legal education; and that due to his incarceration legal research is limited as is his ability to investigate issues and conduct discovery.

As the Court previously advised, appointment of counsel is not a constitutional right in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[2] indicates that court-enlisted assistance of counsel is not mandatory but

---

[1] Although Plaintiff styles his motion as his "second motion for the appointment of counsel," this is actually his third request. The two prior requests for counsel have been assigned docket numbers 6 and 20.

[2] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added).

merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

    The arguments raised by Plaintiff in the third motion for appointment of counsel are similar to those raised in his initial motion. The only change in circumstance is that, on initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the federal claims of excessive force, deliberate indifference to a serious medical need, and denied equal protection and state-law claims of assault and battery to proceed. This is not an exceptional circumstance warranting appointment of counsel, and the Court continues to find that the complexity of the issues does not necessitate the appointment at this time. Further, although Plaintiff anticipates difficulty in the discovery phase, he has not alleged any actual instances where he has been prevented from litigating his claims, and he has not shown that his incarceration is any different from any other prisoner litigating claims in federal court. Moreover, as directed in the Court's Scheduling Order (DN 12), as a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this

complaint.[3]  Additionally, as procedural guidance, the Court directs Plaintiff to Federal Rules of Civil Procedure 26 through 37, which pertain to discovery.  Finally, the Court finds Plaintiff articulate in his filings and logical in his arguments and, therefore, able to sufficiently represent himself.

For the foregoing reasons, the Court concludes that Plaintiff has again failed to set forth any "exceptional circumstances" warranting appointment of counsel.  Accordingly,

**IT IS ORDERED** that the motion for appointment of counsel (DN 41) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.005

---

[3]Plaintiff also has the same obligation of providing Defendants' counsel any records or documentation relevant to his claims.