UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV-P18-M

ISONG RICHARD AKPAN                                                                      PLAINTIFF

v.

OFFICER SCOTT WADE *et al.*                                                           DEFENDANTS

## MEMORANDUM AND ORDER

Nonparties, the City of Franklin and the Franklin Police Department, filed a motion to quash Plaintiff's subpoenas duces tecum (DN 102). By Order entered December 22, 2010, the Court denied the motion to quash in part but deferred ruling on Request Nos. 3 and 5 until completion of further briefing (DN 104). In Request No. 3, Plaintiff seeks, "Copies of any and all training records, competancy standards records and proficiency records, of [Defendants Wade, Cherry, and Cornwell]"; and in Request No. 5, he seeks "Copies of any and all complaints filed against [Defendants Wade, Cherry, and Cornwell] and copies of the above mentioned officers disciplinary sanctions in the past 10 years." In their motion to quash, with respect to these requests, the City of Franklin and the Franklin Police Department contend that any information and/or documents in Defendants' personnel files unrelated to tasing and/or the use of unreasonable force is irrelevant and should not be released to Plaintiff as he should not have access to Defendants' health, family and/or other unrelated confidential records.

In response to the Court's Order for additional briefing (DN 105), Plaintiff contends that this civil action is based on "Defendants' excessive use of force while using a 'lethal weapon' the taser which has caused several deaths in the past couple of years which makes all training records, competency standard records and proficiency records essential." As to this request and the request for a copy of all complaints/disciplinary sanctions, Plaintiff contends that these

requests have nothing to do with Defendants' family, health, or other personal information, which Plaintiff agrees should be withheld.

The City of Franklin filed a reply to Plaintiff's response (DN 106). The non-party "strenuously objects to providing personnel files of police officers with impeccable records to a convicted felon" and maintains that "[t]here are no records contained in the personnel files which would indicate that any of the officers have disciplinary issues with regard to tazing and the use of tasers." The City further advises that it has attached the certification[1] of Sgt. Scott Wade with regard to his use of the taser, as "[h]e was the only officer named in the lawsuit that used a taser." **The Court has reviewed the complaint and amended complaint, wherein Plaintiff alleges that "Defendants" tased him, not solely Sgt. Wade. Thus, any similar certification(s) of Defendants Monta Cherry and Michael Cornwell, if in existence, must be provided as well.**

Defendants reply that they oppose Request Nos. 3 and 5 on the basis that the requests could potentially disclose private, privileged and/or otherwise non-public, confidential, personal information irrelevant to this proceeding (DN 107). They further contend, "Any information and/or documents not related to or involving tasing or the use of excessive force, which are Plaintiff's only surviving claims, should not be produced." **The Court clarifies that Plaintiff's excessive force/assault and battery claims are not Plaintiff's only surviving claims. Rather, Plaintiff's amended complaint (DN 38) contains additional claims of racial discrimination and denial of medical treatment for his taser wounds, which the Court allowed to continue as well.**

---

[1] The City actually advises that it attached the "certifications" of Sgt. Wade. Only one certification is attached, however.

Upon consideration, the Court agrees with Plaintiff that nothing Request Nos. 3 and 5 seeks personal, privileged, or confidential information that should not be released but finds that the scope of the requests must be limited.  Accordingly,

**IT IS ORDERED** that the motion to quash and for protective order as to Request Nos. 3 and 5 (DN 102) is **OVERRULED**.  **The scope of Requests Nos. 3 and 5 must be limited to information and/or documents related to or involving tasing, the use of excessive force, the provision of medical treatment to arrestees, and/or racial discrimination.  The information and/or documents requested must be provided as to all Defendants – Scott Wade, Monta Cherry, and Michael Cornwell.**

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
 Counsel for City of Franklin, W. Scott Crabtree
4414.005